NEW-YORK,
March, 1816.

Sam'l Mabbott
*vs.*
N. VanBeuren

## Samuel Mabbott *vs.* Nicholas Van Beuren.

A defendant will be relieved against an execution which has issued upon a judgment obtained by default on the 10th day of October, and his certificate of discharge under the insolvent law bears date the 21st of Oct.

IN this case an important question arose, upon a discharge under the insolvent act. The defendant's default was entered for not pleading on the 10th of October last. On the 21st of October the defendant was discharged under the act. On the 24th of October execution was issued against him. The defendant being taken on the execution, the question was, Has he any relief?

*Riker, Recorder.*—The general rule is this : If the discharge be on the same day, or subsequent to the judgment the Court will relieve on motion, because the defendant had no opportunity to plead his discharge *puis durrein*

*continuance.* The Court will not drive the insolvent to his *audita querela.* Baker v. Judges of Ulster, 4 Johns. Rep. 191.

NEW-YORK,
Sam'lMebbott
*vs.*
N.VanBueren

If the insolvent omit to plead his discharge, the Court will not relieve him, after he is taken in execution. Cross v. Hobsen, 2 Caines', 102. It is true an insolvent, after a continuance has passed, has, on payment of costs, been allowed to plead his discharge *nunc pro tunc.* Morgan & Smith v. Dyer, 9 Johns. Rep. 255, 256. 1 Chitty, 63.— This was before execution. But what is the law where the insolvent obtains his discharge a few days before the judgment, and too short a time to give him an opportunity to plead it, and is taken in execution? Reason and equity unite in this, that there should be relief afforded some way or other. How shall it be done? My opinion has been that the defendant ought to be relieved from the execution : that the judgment should be set aside upon payment of costs, and that the defendant might be let in to plead his discharge. To this plea the plaintiff might reply *fraud,* and thus put in issue the legality of the discharge. This will be doing justice to both the plaintiff and defendant. The judgment might perhaps be allowed to stand as a security for the final result.

But it will be on the condition that all the costs that have accrued since the discharge, be paid by the defendant, and that he enter good special bail.

In this case the following order is made : Let the defendant be discharged from imprisonment under the ca. sa. upon filing good special bail. Let the judgment and default be set aside, and the defendant plead his discharge as of the term next after such discharge. The plaintiff to have leave to traverse or plead to the said discharge, and the defendant to pay all the costs which have accrued from the time he so obtained the discharge.

PHOENIX, *for Defendant.*
WOODSWORTH, *for Plaintiff.*